UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOHA OLHA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:25-cv-01320 (UNA) |
| v. ) | |
| ) | |
| DEPARTMENT OF LABOR, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants plaintiff's IFP application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Gaithersburg, Maryland, sues the U.S. Department of Labor and the U.S. Secretary of Labor. Compl. at 1–3. She alleges that, starting in 2023, she began applying for unemployment benefits through the Maryland Department of Labor, Division of Unemployment Insurance. *See id.* at 4; *see also* Compl. Exhibits, ECF No. 1-1. Plaintiff alleges that the Maryland Department of Labor has continually failed to properly administer her unemployment benefits due to a series of negligent and potentially fraudulent acts. *See* Compl. at 5–9. The relief sought, if any, is unspecified.

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v.*

*CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's complaint falls within this category, failing to provide the defendants or this court with notice of her intended claims or a clear basis for this court's jurisdiction. Indeed, it is completely unclear what involvement these federal defendants have, if any, to plaintiff's application for state unemployment benefits.

To that same end, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. As discussed, a plaintiff seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff has not established diversity jurisdiction because the federal government cannot be sued in diversity. *See Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993). Nor has plaintiff pleaded any amount in controversy, as required. *See* 28 U.S.C. § 1332(a). Plaintiff's allegations also fail to raise any federal question. *See* 28 U.S.C. § 1331. She does not cite to any federal authority, nor can any federal cause of action be inferred from context. Insofar as plaintiff challenges unemployment benefits determinations by the state of Maryland, her "recourse lies, if at all," *see Flores v. NYS Dept. of Labor/Unemployment*, No. 13-

687, 2013 WL 2099765, at *1 (D.D.C. May 13, 2013) (dismissing complaint challenging denial of state unemployment benefits), with the Maryland Department of Labor's Lower Appeals Division, *see* Md. Labor and Employment Code § 8-806 *et seq.*, then with its Board of Appeals, *see id.* at §§ 8–5a–09, 8–5a–19, 8–5a–11, and finally, in a state of Maryland Circuit Court, *see id.* at Md. Labor and § 8-5A–12(a)(1); Md. Rule 7-202(a).

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:  June 26, 2025

/s/
AMIT P. MEHTA
United States District Judge